**MENAKER & HERRMANN**
A LIMITED LIABILITY PARTNERSHIP
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016-0301

Wojciech Jackowski
Extension: 216
wjackowski@mhjur.com

Telephone
(212) 545-1900
Facsimile
(212) 545-1656
Website
www.mhjur.com

December 22, 2014

By ECF

Hon. Katherine B. Forrest, U.S.D.J.
U.S. District Court
500 Pearl Street, Room 1950
New York, New York 10007

      Re:   *In re Application of Merrill Lynch, Pierce, Fenner & Smith, Inc.*
            14-mc-00374-P1 – Letter-Motion for Protective Order

Dear Judge Forrest:

      We represent Sebastian Canale Valente ("Canale") in this Part 1 miscellaneous proceeding under 28 U.S.C. §1782 and submit this letter-motion seeking a protective order pursuant to Fed. R. Civ. P. 26(c)(1), Local Civil Rule 37.2, and Rule 2(f) of the Court's Individual Rules of Practice in Civil Cases. Canale seeks protection to prevent collateral attack on the rulings and limitations directed by the Special Federal Board of Conciliation and Arbitration (the "Mexican Tribunal"), No. 804/2009, to which this proceeding is related. The case in Mexico involves Canale's claim for pay in connection with his termination of employment in January 2009 when Bank of America acquired his employer Merrill Lynch ("ML").

      On November 7, 2014, this Court granted an *ex parte* application by ML (**Ex. A** hereto) for discovery related to a proceeding Canale brought in 2009 before the Mexican Labor Board. The November 7 Order permitted ML to issue a subpoena for documents and a deposition from Canale. Canale cooperated by producing responsive documents and agreeing to be deposed. In a December 10, 2014 letter (**Ex. B** hereto), Canale's counsel advised that he would object at the deposition to any questions barred by the Tribunal in the Mexican case.

      On December 17, 2014, Mr. Canale appeared for the deposition here in New York where a number of the questions disallowed by the Mexican Tribunal were again asked. Canale's counsel objected and instructed the witness not to answer under Fed. R. Civ. P. 30(c)(2) to preserve the ability to make this motion. (An excerpt from the uncorrected transcript showing the first such objection and colloquy is annexed hereto as **Ex. C**.)

      The background may be summarized as follows. On March 5, 2009, Mr. Canale commenced the Mexican Labor Board case in connection with his January 21, 2009 termination

Hon. Katherine B. Forrest, U.S.D.J.
December 22, 2014
Page 2

from then employer ML's Representative Office in Mexico. ML's principal defense was that Canale *had not been employed by ML at all after July 31, 2007*. According to ML,

> the truth of the facts is that the plaintiff on July 31, 2007
> voluntarily terminated his labor relationship with the company
> MERRILL LYNCH PIERCE, FENNER & SMITH, INC.,
> OFICINA DE REPRESENTACÍON EN MÉXICO in accordance
> with Fraction I of article 53 of Federal Labor Law, verbally and in
> writing through a labor relationship termination agreement dated
> July 31, 2007, and settlement dated that same date which he signed
> in conformity, which means his claim is improper.

ML 12/15/11 Answer, p. 17. (A copy of the complete answer in Spanish with informal translation of paragraph 12 is annexed hereto as **Ex. D**.) ML's representation to the Mexican Tribunal was untrue—Canale was employed continuously by ML from 1999 to 2009, and in 2008 the company reassigned him to Mexico, where he in fact worked through January 2009.

In 2012, in response to ML's above-referenced denial, Canale proceeded under 28 U.S.C. § 1782 in this Court to obtain discovery from his former employer for use in Mexico. The resulting Order was issued on July 6, 2012, by Judge Paul A. Engelmayer (12-mc-00229-P1). In connection with limited discovery that followed, Canale obtained a certified copy of the November 25, 2008 letter from an ML manager, Monique Jefferson, to the Mexican immigration authorities stating that he was "assigned to render his services as Director of Investment Banking" for ML in Mexico (**Ex. E** hereto) This letter, along with other documents obtained through discovery in the 2012 proceeding, was accepted into evidence by the Mexican Tribunal.

During the Mexican proceeding, the Tribunal denied ML's efforts to ask questions that were misleading or on subjects it had not put in issue with its answer. (A copy of ML's question list is **Ex. F** hereto, and the transcript showing the Tribunal's rulings is **Ex. G** hereto). On August 27, 2014, the Mexican Tribunal issued its substantive ruling (the "August 27 Decision") declaring Canale was in fact employed in Mexico by Petitioner during the relevant period subsequent to November 25, 2008, was transferred to Mexico to work, and was assigned to Petitioner's office in Mexico City up to termination of his services on January 21, 2009. The August 27 Decision, *inter alia*, awarded Canale statutory severance compensation through August 20, 2014. ML presented a copy of the August 27 Decision as Ex. C in its *ex parte* application to this Court.

Now, in the hope of undoing the August 27 Decision, ML is attempting through the Section 1782 process to attack the limitation on evidence and to re-ask questions that were ruled improper in Mexico. It has appealed the Mexican Tribunal's decision. There has also been litigation over the amount of a bond pending appeal. Canale's counsel submitted a formulaic objection, which ML has relied on here in its Section 1782 application. Canale's counsel has amended the objection to the bond and is withdrawing it, effective January 2, 2015, obviating the need for any discovery for that ancillary matter.

Hon. Katherine B. Forrest, U.S.D.J.
December 22, 2014
Page 3

      The parties have conferred in an effort to resolve their dispute concerning the propriety of the questions, without success.

      Rule 26(c)(1) and 45(c) of the Federal Rules of Civil Procedure authorize the Court to issue a protective order limiting the scope of discovery demanded under a subpoena, and Rule 30(d)(3) extends that power specifically to limiting a deposition for stated grounds. One such ground is to "enforce a limitation ordered by the court." Fed. R. Civ. P. 30(c)(2). The latter provision permits counsel for a deponent to instruct the client not to answer a question during the deposition "to enforce a limitation on evidence imposed by the court, or to permit the making of a motion for a protective order under Rule 30(d)(3)." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2113, at 554-55 (2010).

      Here the limitation on evidence occurred in the substantive proceeding in Mexico to which this Court is providing comity under 28 U.S.C. § 1782. Specifically, the Mexican Tribunal has ruled that certain topics are irrelevant and not subject to question (Ex. E hereto, p. 8). These are definitive evidentiary rulings, which we understand to be included in ML's Mexican appeal. Petitioner cannot use the discovery process available here to engage in what is, in effect, a collateral attack upon the Mexican evidentiary orders, especially since it is availing itself of legal process in Mexico to attempt to get the rulings reversed or modified. Where an order limiting evidence exists in the foreign proceeding, one cannot use Section 1782 to get around it in the United States. *In re 28 U.S.C. §1782*, 249 F.R.D. 96, 103-04 (S.D.N.Y. 2008); *see also Gov. of Ghana v. ProEnergy Services, LLC*, 677 F.3d 340, 345 (8th Cir. 2012) (affirming denial of discovery to extent evidence would be prohibited in foreign tribunal).

      Petitioner has argued that the purpose of its Section 1782 discovery proceeding is to obtain information in the United States that is not otherwise available in Mexico and that this should be deemed to include information that could not be obtained under Mexican law. Canale does not disagree that as a general proposition a litigant may seek information under Section 1782 without showing that it is discoverable or admissible in the foreign tribunal. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 253 (2004). But where, as here, the foreign tribunal has expressly ruled that the questions are impermissible, this Court would not be serving the purposes of comity by overruling that tribunal and permitting what the foreign tribunal prohibited. ML has invoked the appeal process in that jurisdiction. It must focus its efforts there, not in an end run here.

      For all these reasons, the Court should grant a protective order barring questioning of Canale on topics precluded by the rulings of the Mexican Tribunal.

                                         Respectfully submitted,

                                           Wojciech Jackowski

Enclosures
cc: Izabel McDonald, Esq. (w/encl.)